UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHANOMPHONE THIRAVONG,

                Petitioner,

    v.

BRUCE SCOTT, *et al.*,

                Respondents.

Case No. C26-1400-MLP

ORDER

Petitioner Phanomphone Thiravong is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. He has filed a motion for temporary restraining order ("Motion") (dkt. # 2) seeking to prevent his transfer from this district or removal from the United States while the Court considers his petition for writ of habeas corpus under 28 U.S.C. § 2241 for release from custody (dkt. # 1). Petitioner's Motion is supported by the declaration of his counsel, Lee Vanderlinden. (Dkt. # 2-1.) Respondents have filed an opposition to the Motion (dkt. # 9), supported by the declarations of ICE Deportation Officer Andre Ouk (dkt. # 10) and Respondents' counsel, Michelle R. Lambert (dkt. # 11). Petitioner filed a reply (dkt. # 13), supported by the declaration of his counsel, Asif Ehsan (dkt. # 13-1).

ORDER - 1

## I.    BACKGROUND

Petitioner, a native of Laos, entered the United States in 1988 as a child refugee and was adjusted to lawful permanent resident status. (Dkt. # 1, ¶ 19.) After multiple criminal convictions, a final order of removal to Laos was entered on January 5, 2012. (Ouk Decl., ¶¶ 7-10, 13.) Based on nonremovability, Petitioner was released on Orders of Supervision ("OSUP"), most recently in May 2015. (*Id.*, ¶¶ 14, 17; dkt. # 1, ¶ 35.) Petitioner now has a United States citizen spouse, child, and four step-children. (Dkt. # 1, ¶ 29.) On January 8, 2026, Petitioner's spouse filed an I-130 Petition for Alien Relative. (*Id.*; *see* dkt. # 1-7 at 2.)

On March 3, 2026, Petitioner reported to the ICE office in Portland, Oregon, and was detained and taken to NWIPC. (Ouk Decl., ¶ 21.) He was served with a Notice of Revocation of Release pursuant to 8 C.F.R. § 241.13(i), noting that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and "ICE is seeking a travel document to effect your expeditious removal to Laos." (Lambert Decl., Ex. B at 2-3.) An "Informal Interview" form in Petitioner's A-file states that ICE Officer Workman conducted an "initial informal interview" with Petitioner. (*Id.*, Ex. B at 5.) The portion of the form to record Petitioner's "oral response regarding the reasons for revocation" is blank. (*Id.*) The form states that Petitioner did not provide any written statement or documents. (*Id.*) Officer Ouk states in his declaration that "Petitioner declined to provide an oral or written statement[.]" (Ouk Decl., ¶ 23.)

On April 10, 2026, Respondents received a Laissez-Passer from Laos dated April 6, 2026, and valid for ninety days, giving Petitioner permission to enter Laos "for a single journey only[.]" (Ouk Decl., ¶ 28; Lambert Decl., Ex. A.) The fields for "Nationality" and "Place of Birth" are left blank except for a strikethrough. (Lambert Decl., Ex. A.)

ORDER - 2

On April 24, 2026, Petitioner filed his habeas petition challenging the lawfulness of his redetention, along with the instant Motion. (Dkt. ## 1-2.)

On April 27, 2026, Petitioner was served with a Notice of Imminent Removal stating "ICE is in possession of a travel document to [e]ffect your removal and expects this to occur in 04/2026. You will remain in custody pending your removal." (Dkt. # 13, Ex. 2.) On April 29, 2026, Respondents notified Petitioner's counsel, pursuant to this Court's scheduling order (dkt. # 5, ¶ 3), that Petitioner was scheduled for transfer on or after May 2, 2026, from NWIPC to make a charter flight scheduled for May 5, 2026. (Ehsan Decl., Ex. 1.)

## II.    DISCUSSION

### A.    Legal Standards

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing

ORDER - 3

interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B.*, 795 F. Supp. 3d at 1321 n.4 (collecting cases).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). To obtain injunctive relief, a party must demonstrate: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of the equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (standard for issuing a temporary restraining order is "substantially identical" to standard for issuing preliminary injunction). A stronger showing of one element may offset a weaker showing of another. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Thus, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135.

The first *Winter* factor, likelihood of success on the merits, is the most important. *Garcia v. Google*, 786 F.3d 733, 740 (9th Cir. 2015). The Ninth Circuit has explained that because it is a threshold issue, when "a plaintiff has failed to show the likelihood of success on the merits, [the court] 'need not consider the remaining three *Winter* elements." *Id*. (cleaned up).

ORDER - 4

**B.     Analysis**

Petitioner contends that revocation of his OSUP was unlawful because Respondents did not comply with their own regulations and violated his due process rights. (Dkt. # 13 at 9-12.) Respondents contend Petitioner is detained lawfully under 8 U.S.C. § 1231(a)(6). (Dkt. # 9 at 5.)

The applicable regulations require notice of the reasons for revocation, a prompt informal interview affording an opportunity to respond to the reasons, and a custody review evaluating any contested facts. 8 C.F.R. § 241.13(i)(3). Here, the Notice of Revocation of Release provided the reason for redetention: the likelihood of removal. Petitioner appears to challenge whether an interview occurred or whether it was adequate, pointing to the blank portion of the Informal Interview form for his oral response. (Dkt. ## 2 at 8, 13 at 9.) Officer Ouk states in a declaration that Petitioner declined to provide a response. (Ouk Decl., ¶ 23.) The Informal Interview form, signed by Officer Workman on the date of redetention and noting that Petitioner "refused to sign," bears this out. (Lambert Decl., Ex. 2 at 4 (capitalization omitted).) Petitioner has not established by a preponderance of the evidence that an interview did not occur or that he did not have an opportunity to contest the reasons given, whether or not he took the opportunity. Petitioner has not shown a likelihood of success on the merits of his claim of regulatory noncompliance.

Petitioner has also not shown a likelihood of success on the merits of his due process claims, which are now moot. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when [respondents establish] a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026); *see also Fernandez v. Scott*, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026) ("Because the basis for [petitioner's] detention has

ORDER - 5

changed since he filed his petition, his claims of wrongful detention under Section 1226(a) are now moot.") (collecting cases); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (citations omitted) ("[I]f sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.").

Here, the Court need not determine whether the process afforded Petitioner was inadequate, *see Yang v. Scott*, 2026 WL 523277, at *3 (W.D. Wash. Feb. 25, 2026), because Respondents have established a subsequent, unchallenged basis for Petitioner's current detention.

In a case brought by a petitioner subject to a final removal order and redetained based on changed circumstances making removal reasonably foreseeable, another court in this district rejected due process claims because the government had obtained a travel document prior to redetention. *Saechao v. Scott*, 2026 WL 626765, at *4 (W.D. Wash. Mar. 5, 2026). The Court found that pre-deprivation notice was not required because, under the three-part *Mathews* analysis, (1) the petitioner's liberty interest was attenuated because he was subject to a final removal order and removal was reasonably foreseeable with receipt of the travel document; (2) the risk of erroneous deprivation was low because possession of the travel document was strong evidence that removal was foreseeable; and (3) the government's legitimate interest in "ensuring that a noncitizen subject to a final order of removal appears when necessary to facilitate removal" weighed in respondents' favor. *Id.* at *5 (citation omitted). The Court held that, "[a]lthough [r]espondents provided effectively no pre-detention process, the *Mathews* factors fall in their favor because they did not seek to detain [p]etitioner without a hearing until they had made concrete arrangements for his removal." *Id.* at *6 (internal citation and quotation marks omitted).

ORDER - 6

The Court finds the reasoning in *Saechao* persuasive. Although Respondents here did not obtain a travel document until after redetaining Petitioner, they now have an unchallenged basis to detain Petitioner. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner expressly "does not ask this Court to override the Attorney General's discretion to execute the removal order" but requests the Court declare his redetention unlawful and "order release." (Dkt. # 13 at 13.) The requested relief is moot, however, because Petitioner's current custody is not illegal.

Because Petitioner has not shown a likelihood of success on the merits of his claims, the Court need not reach the other *Winter* factors. *Garcia*, 786 F.3d at 740.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's Motion for Temporary Restraining Order (dkt. # 2).

Dated this 1st day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 7