UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHANOMPHONE THIRAVONG,

                  Petitioner,

      v.

BRUCE SCOTT, *et al.*,

                  Respondents.

Case No. C26-1400-MLP

ORDER

This matter is before the Court on Petitioner Phanomphone Thiravong's petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking release from detention by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. (Dkt. # 1.) Alongside the petition, Petitioner filed a motion for temporary restraining order supported by the declaration of his counsel, Lee Vanderlinden (dkt. # 2-1), which the Court denied. (Dkt. ## 2, 14.) With their opposition to that motion, Respondents submitted declarations of ICE Deportation Officer Andre Ouk (dkt. # 10) and Respondents' counsel, Michelle R. Lambert (dkt. # 11). Petitioner included with his reply to that motion the declaration of his counsel, Asif Ehsan (dkt. # 13-1). Respondents have now filed a return to the

ORDER - 1

petition (dkt. # 15) supported by supplemental declarations of Officer Ouk (dkt. # 16) and Ms. Lambert (dkt. # 17). Petitioner filed a reply in support of his petition (dkt. # 18).

## I.    BACKGROUND

Petitioner, a native of Laos, entered the United States in 1988 as a child refugee and was adjusted to lawful permanent resident status. (Dkt. # 1, ¶ 19.) After multiple criminal convictions, a final order of removal to Laos was entered on January 5, 2012. (First Ouk Decl., ¶¶ 7-10, 13.) Based on nonremovability, Petitioner was released on Orders of Supervision ("OSUP"), most recently in May 2015. (*Id.*, ¶¶ 14, 17; dkt. # 1, ¶ 35.) Petitioner now has a United States citizen spouse, child, and four step-children. (Dkt. # 1, ¶ 29.) On January 8, 2026, Petitioner's spouse filed an I-130 Petition for Alien Relative. (*Id.*; *see* dkt. # 1-7 at 2.)

On March 3, 2026, Petitioner reported to the ICE office in Portland, Oregon, and was detained and taken to NWIPC. (First Ouk Decl., ¶ 21.) He was served with a Notice of Revocation of Release pursuant to 8 C.F.R. § 241.13(i), noting that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and "ICE is seeking a travel document to effect your expeditious removal to Laos." (First Lambert Decl., Ex. B at 2-3.) An "Informal Interview" form in Petitioner's A-file states that ICE Officer Workman conducted an "initial informal interview" with Petitioner. (*Id.*, Ex. B at 5.) The portion of the form to record Petitioner's "oral response regarding the reasons for revocation" is blank. (*Id.*) The form states that Petitioner did not provide any written statement or documents. (*Id.*) Officer Ouk states in a declaration that "Petitioner declined to provide an oral or written statement[.]" (First Ouk Decl., ¶ 23.)

On April 10, 2026, Respondents received a Laissez-Passer from Laos dated April 6, 2026, and valid for ninety days, giving Petitioner permission to enter Laos "for a single journey

ORDER - 2

only[.]" (First Ouk Decl., ¶ 28; First Lambert Decl., Ex. A.) The fields for "Nationality" and "Place of Birth" are left blank except for a strikethrough. (First Lambert Decl., Ex. A.)

On April 24, 2026, Petitioner filed his habeas petition and motion for temporary restraining order. (Dkt. ## 1-2.) On April 27, 2026, Petitioner was served with a Notice of Imminent Removal and on April 29, 2026, his counsel was notified that he was scheduled for transfer on or after May 2, 2026, from NWIPC for a charter flight scheduled for May 5, 2026. (Dkt. # 13, Ex. 2; Ehsan Decl., Ex. 1.) The Court denied the motion on May 1, 2026 (dkt. # 14), but ICE had insufficient time to arrange for the transfer. (Second Ouk Decl., ¶¶ 5-6.) ICE now intends to remove Petitioner to Laos on a commercial flight in May 2026 and notes there is also a charter flight to Laos in June 2026. (*Id.*, ¶¶ 7-9.)

## II.    LEGAL STANDARDS

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

Due process protections extend to all persons within the United States, including noncitizens, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Procedural due process requires meaningful notice and a genuine opportunity to be heard before the government infringes a protected liberty interest. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). In immigration detention cases, courts in this Circuit apply the *Mathews* balancing test, weighing: (1) the private interest affected; (2) the risk of erroneous deprivation under existing procedures and the value of additional safeguards; and (3) the government's countervailing

ORDER - 3

interest, including fiscal and administrative burdens. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022); *see also E.A. T.-B.*, 795 F. Supp. 3d at 1321 n.4 (collecting cases).

### III.    DISCUSSION

Petitioner contends his redetention violated applicable regulations and his due process rights, that the subsequently obtained travel document does not moot his claims, and that his removal remains not reasonably foreseeable. (Dkt. # 18.) Respondents contend Petitioner's due process and regulatory claims fail and, in any case, are mooted by possession of the travel document and specific plans for removal. (Dkt. # 15.)

Even if Petitioner is correct that his redetention violated the applicable regulations and did not provide due process, habeas relief is unavailable because his claims have been mooted by a subsequent, unchallenged basis for detention. "Courts in this District have consistently held that, irrespective of other alleged legal errors, petitioners are not entitled to habeas relief when [respondents establish] a separate basis for their detention and that basis is unchallenged." *Singh v. Noem*, 2026 WL 482389, at *3 (W.D. Wash. Feb. 20, 2026); *see also Fernandez v. Scott*, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026) ("Because the basis for [petitioner's] detention has changed since he filed his petition, his claims of wrongful detention under Section 1226(a) are now moot.") (collecting cases); *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923) (citations omitted) ("[I]f sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.").

Petitioner contends he must be released because, at the time of his March 3, 2026 redetention, Respondents had no "contemporaneous factual basis" for asserting that changed circumstances made removal reasonably foreseeable. (Dkt. # 18 at 3.) Petitioner points to cases in this district where courts granted release on these grounds, in some cases even when

ORDER - 4

Respondents later obtained travel documents. (*See id.* at 17 (citing *Yang v. Scott*, 2026 WL 632661 (W.D. Wash. Mar. 6, 2026); *Makuey v. Scott*, 2025 WL 3640900 (W.D. Wash. Dec. 16, 2025)).)

Those cases are distinguishable because the petitioners' claims had not been mooted. In *Makuey*, no travel document had been obtained and obtaining one was not foreseeable. 2025 WL 3640900, at *5 ("[A]s of today's date, absent from the record is any indication when, if ever, a travel document to South Sudan will be issued.").

In *Yang*, a travel document was obtained after the habeas petition was filed. 2026 WL 632661, at *2. The habeas claims were not mooted, however, because the petitioner offered evidence of his fears of persecution or torture if removed to Laos and he had not had the opportunity to address these matters before the immigration court, which granted his emergency motion to stay removal pending adjudication of his motion to reopen. *Id.* at *2, 4 ("[T]he Immigration Court's February 25, 2026, stay of Yang's removal greatly diminishes the Government's interest in continued detention, as it is unclear when or whether removal will occur."). Here, however, Petitioner offers no evidence of fear-based claims or that he has sought to reopen removal proceedings. In the absence of any ongoing immigration proceedings or stay of removal, *Yang* does not support Petitioner's arguments.

The instant case is more similar to cases where courts in this district have rejected due process claims because the government had obtained a travel document prior to redetention. *See Saechao v. Scott*, 2026 WL 626765, at *4 (W.D. Wash. Mar. 5, 2026). In *Saechao*, the Court found that pre-deprivation notice was not required because, under the three-part *Mathews* analysis, (1) the petitioner's liberty interest was attenuated because he was subject to a final removal order and removal was reasonably foreseeable with receipt of the travel document; (2)

ORDER - 5

the risk of erroneous deprivation was low because possession of the travel document was strong evidence that removal was foreseeable; and (3) the government's legitimate interest in "ensuring that a noncitizen subject to a final order of removal appears when necessary to facilitate removal" weighed in respondents' favor. *Id.* at *5 (citation omitted). The Court held that, "[a]lthough [r]espondents provided effectively no pre-detention process, the *Mathews* factors fall in their favor because they did not seek to detain [p]etitioner without a hearing until they had made concrete arrangements for his removal." *Id.* at *6 (internal citation and quotation marks omitted). Another court in this district concurred with this *Mathews* analysis, noting that the "government 'has a legitimate interest in ensuring that a noncitizen subject to a final order of removal appears when necessary to facilitate removal'" and that "interest is '[s]tronger yet . . . where, as here, the government has shown that removal is likely to occur in the reasonably foreseeable future.'" *Manivong v. Mullin*, 2026 WL 1162413, at *4 (W.D. Wash. Apr. 29, 2026) (alterations in original) (quoting *Saelee v. Bondi*, 2026 WL 221513, at *6 (W.D. Wash. Jan. 28, 2026); *Saechao*, 2026 WL 626765, at *5). This Court finds the analysis in *Saechao* and *Manivong* persuasive.

Petitioner does not dispute that, now that Respondents have a travel document in hand, they would be authorized to redetain him today. (*See* dkt. # 18 at 12 (distinguishing *Saechao* because ICE obtained a travel document prior to redetention).) Even if this Court were to grant the petition and order release, Respondents would be authorized to redetain him the instant he walked out the door. The Court declines to order such illusory relief. *See* 28 U.S.C. § 2243 ("The court shall . . . dispose of the matter as law and justice require."); *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005) ("Federal courts have a fair amount of flexibility in fashioning specific habeas relief." Nevertheless, no relief was possible because petitioner did "not allege he is

ORDER - 6

*currently* being held in illegal custody."); *Sanders v. Ratelle*, 21 F.3d 1446, 1461 (9th Cir. 1994) ("The court is free to fashion the remedy as law and justice require and is not required to order petitioner's immediate release from physical custody.") (cleaned up).

Petitioner argues, however, that the Court should grant forward-looking relief prohibiting redetention unless ICE provides: "(a) advance written notice to Petitioner and his counsel stating the specific factual basis for the alleged changed circumstances and the significant likelihood of removal; and (b) a pre-deprivation hearing before a neutral decisionmaker—someone not directly involved in the case—at which the government bears the burden of establishing by clear and convincing evidence that a valid basis for detention exists, *i.e.*, that Petitioner poses a danger to the community or a flight risk that can only be mitigated through detention, or such process as the Court deems constitutionally required." (Dkt. # 18 at 26-27.) Due process does not require these measures. Danger and flight risk are not relevant to determining whether changed circumstances make removal reasonably foreseeable. More importantly, as explained in *Saechao*, where Petitioner is subject to a final removal order and no further obstacles exist, pre-deprivation notice and hearing are not required because the government has a valid travel document in hand, rendering removal reasonably foreseeable.

Finally, Petitioner argues that his removal is not reasonably foreseeable and thus his detention has become unconstitutionally indefinite. (Dkt. # 18 at 22-23.) In *Zadvydas*, the Supreme Court construed 8 U.S.C. § 1231(a)(6) to authorize post-removal-period detention only for the period reasonably necessary to effect removal. 533 U.S. at 689, 699. After a presumptively-reasonable six-month period, if a noncitizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

ORDER - 7

Government must respond with evidence sufficient to rebut that showing." *Id.* at 701. If removal is not reasonably foreseeable, "continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner points to the many years Laos declined to accept his return and stated it did not accept refugees, during which time he was released on OSUP; the lack of a Laos passport or birth certificate; ICE's failure to obtain a travel document prior to his March 3, 2026 redetention; ICE's failure to remove him as planned on a May 5, 2026 charter; and the travel document with blank nationality and birthplace fields. (Dkt. # 18 at 23.) None of these provide good reason to believe removal is not reasonably foreseeable. Because Laos has now issued a travel document, its prior refusal to do so is no longer relevant. ICE failed to remove Petitioner on May 5, 2026, due to his motion for temporary restraining order, which is no longer an obstacle to removal. And Petitioner offers no evidence that the travel document is insufficient for removal to Laos on either a commercial or charter flight. Accordingly, his *Zadvydas* claim fails.

### IV.    CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's petition for writ of habeas corpus (dkt. # 1).

Dated this 18th day of May, 2026.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER - 8